UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEE ANDREW SOBCZAK,

        Plaintiff,

Case No. 1:09-cv-57

Hon. Gordon J. Quist

vs.

CORRECTIONAL MEDICAL SERVICES,
INC., *et al.*,

        Defendants.
                              /

**ORDER**

This matter is now before the court on defendant Correctional Medical Services, Inc. ("CMS"), Jason Kim, M.D. and Daniel Spitters, P.A.'s "discovery motion for access to plaintiff's complete medical records" (docket no. 31) and defendant Whalen, Van Setters, Hubell and Meyer's "motion to stay discovery" (docket no. 45).

In their first request for production of documents, defendants CMS, Dr. Kim and P.A. Spitters requested plaintiff to provide copies of "all medical records pertaining to your treatment obtained through the Michigan Department of Corrections, or, in the alternative, provide a full and complete executed release of medical records to allow access to said medical records." *See* docket no. 31-4. Plaintiff provided a signed authorization to release the records on or about April 22, 2009, but conditioned the release on the "stipulation" that defendants provide him with a free copy of the records. *See* docket no. 31-5. In their motion, defendants CMS, Dr. Kim and P.A. Spitters seek to compel plaintiff to produce a signed authorization allowing access to plaintiff's medical records at the MDOC without plaintiff's preconditions.

At approximately the same time, defendants Whalen, Van Setters, Hubell and Meyer have moved to stay discovery on the basis that they are asserting a qualified immunity defense. In this regard, defendants pointed out that plaintiff had served requests for 24 separate admissions to defendant Meyer. *See* docket no. 46-3.

All of these defendants (i.e., CMS, Dr. Kim, P.A. Spitters, Whalen, Van Setters, Hubell and Meyer), have filed dispositive motions. *See* docket nos. 19 and 39. The undersigned has addressed the motions in a report and recommendation, which is pending before the District Judge. There is no reason for the parties to engage in discovery until the court has resolved these motions. *See Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) ("[a] trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined"); *Chavous v. District of Columbia Financial Responsibility and Management Assistance Authority*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("[a] stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources") (internal quotation marks and citations omitted). Furthermore, defendants Whalen, Van Setters, Hubell and Meyer have raised a defense of qualified immunity. A stay of discovery is properly granted until the issue of immunity is resolved. *See Siegert v. Gilley*, 500 U.S. 226, 231 (1991); *Kennedy v. City of Cleveland*, 797 F.2d 297, 298-99 (6th Cir. 1986) ("a claim of immunity raises an interest in an early, and inexpensive, termination of the litigation").

Accordingly, defendants CMS, Dr. Kim and P.A. Spitters' motion to compel (docket no. 31) is **DENIED** and defendants Whalen, Van Setters, Hubell and Meyer's motion to stay discovery motion (docket no. 45) is **GRANTED**. Discovery shall be stayed until the court resolves the outstanding motions to dismiss and for summary judgment (docket nos. 19 and 39).

**IT IS SO ORDERED.**

Dated: February 17, 2010                    /s/ Hugh W. Brenneman, Jr.
                                            HUGH W. BRENNEMAN, JR.
                                            United States Magistrate Judge