UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

LEE ANDREW SOBCZAK,

    Plaintiff,

v.                                                             Case No. 1:09-CV-57

DANIEL SPITTERS, P.A., *et al.,*                    HON. GORDON J. QUIST

    Defendants.
_____/

## ORDER ADOPTING REPORT AND
## RECOMMENDATION AND DENYING MOTION TO AMEND

The Court has before it Plaintiff's objections to the report and recommendation issued January 19, 2010, in which Magistrate Judge Brenneman recommended that the Court grant in part and deny in part the motion to dismiss filed by Defendants Jason Kim, M.D., Daniel Spitters, P.A. and Correctional Medical Services, Inc. ("CMS"). The magistrate judge recommended that the motion be granted with regard to the claims against Dr. Kim and CMS but denied with regard to the claims against P.A. Spitters. The magistrate judge also recommended that the Court grant the motion for summary judgment filed by Defendants Amy Meyer, Michael Whalen, Julie Van Setters, and Mary Hubbell. In addition to filing objections to the report and recommendation, Plaintiff has filed a motion to amend his complaint to clarify the allegations of his original complaint and to add a retaliation claim against Defendants Whalen and Hubbell. Defendants CMS, Dr. Kim, and P.A. Spitters have filed a response opposing Plaintiff's motion to amend

After conducting a *de novo* review of the report and recommendation, Plaintiff's objections, and the pertinent portions of the record, the Court concludes that the report and recommendation should be adopted. In addition, the Court concludes that Plaintiff's motion to amend should be denied.

# PLAINTIFF'S OBJECTION

The magistrate judge first addressed Defendants CMS, Dr. Kim, and P.A. Spitters' motion to dismiss. He concluded that the claim against Dr. Kim should be dismissed because Plaintiff's only allegation against Dr. Kim is that on or about July 27, 2007, Dr. Kim failed to review Plaintiff's medical records regarding his past treatment for Crohn's disease and he prescribed Plaintiff Gaviscon and a "small white tablet" that did not alleviate Plaintiff's stomach pain. The magistrate judge concluded that Plaintiff's complaint was in the nature of a disagreement with the treatment Dr. Kim provided rather than a complaint about a complete denial of medical care. With regard to CMS, the magistrate judge concluded that Plaintiff's claim must be dismissed because he failed to allege that CMS had an unconstitutional policy, practice, or custom that affected Plaintiff's medical care.

Regarding Dr. Kim, Plaintiff states in his objection that his visit with Dr. Kim on July 30, 2007, occurred three months after Plaintiff's initial complaint of abdomen pain, rather than one month thereafter, and Plaintiff had made multiple requests for medical care during that time. Plaintiff argues that he had a reasonable expectation that Dr. Kim would honor his request to review his medical history, which Dr. Kim failed to do. Even so, the Court agrees with the magistrate judge's conclusion that Plaintiff's complaint is essentially a disagreement with the medical treatment or care that he received. In other words, Plaintiff's complaint is that Dr. Kim should have rendered more effective or better treatment, but such a claim is insufficient to state an Eighth Amendment claim. *See Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Plaintiff alleges that Dr. Kim prescribed him Gaviscon for gas and a "small white tablet" that did not alleviate Plaintiff's pain, which shows a mere disagreement

as to proper medical care.[1] While this treatment perhaps did not relieve Plaintiff's pain symptoms, there is no indication that Dr. Kim failed to render any treatment.

With regard to CMS, Plaintiff argues that he has alleged a policy or custom by CMS, citing various incidents in other states, as well as in Michigan, where CMS has allegedly been found to have provided inadequate medical care to prisoners. Even accepting these allegations as true, Plaintiff must still allege that CMS had a custom or policy that caused the constitutional violation of which he complains. *Broyles v. Corr. Med. Servs., Inc.*, No. 08-1638, 2009 WL 3154241, at *2 (6th Cir. Jan. 23, 2009). Plaintiff's conclusory allegations are insufficient to show that such a policy caused his injury and, thus, fail to state a claim for relief against CMS. *See id.*

With regard to the motion for summary judgment, the magistrate judge concluded that Defendants Hubbell, Whalen, and Van Setters are entitled to summary judgment because Plaintiff's allegations show that those defendants were not involved in providing medical care to Plaintiff, but simply reviewed and responded to grievances that Plaintiff filed. A defendant whose only involvement in an alleged constitutional violation was denial of an administrative grievance cannot be held liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Although lengthy, Plaintiff's objection fails to address the magistrate judge's analysis with regard to these Defendants, and Plaintiff does not quarrel with the conclusion that these Defendants were not personally involved in providing Plaintiff medical care.

The magistrate judge did observe that Defendant Meyer was involved in responding to Plaintiff's health care requests, but he concluded that her conduct did not amount to an Eighth Amendment violation because Plaintiff's medical records show that Plaintiff received treatment whenever he made a request for medical care. As the magistrate judge correctly noted, Plaintiff was

---

[1] According to Plaintiff's allegations Dr. Kim prescribed Gaviscon for gas. The Court notes that Plaintiff's medical records indicate that Plaintiff believed gas could have been the cause of his abdominal pain.

3

examined or treated on numerous occasions between May 27, 2007, and February 4, 2008. The magistrate judge thus concluded that Plaintiff failed to support his allegation that Defendant Meyer denied him medical care on a number of occasions. As is the case with Defendants Hubbell, Whalen, and Van Setters, Plaintiff fails in his objection to address the magistrate judge's reasons or analysis for concluding that Defendant Meyer is entitled to summary judgment.

**MOTION TO AMEND**

Subsequent to filing objections to the report and recommendation, Plaintiff filed a motion to amend his complaint.[2] Plaintiff's proposed amended complaint, spanning 56 pages and 324 paragraphs, is a significant expansion of the allegations in Plaintiff's 15-page original complaint that included only 45 paragraphs.

In his motion to amend his complaint, Plaintiff argues that he is entitled to amendment as a matter of course because no Defendant has filed a responsive pleading. Plaintiff's reliance on Fed. R. Civ. P. 15(a)(1) is incorrect because neither subparagraph (A) nor (B) applies in these circumstances. Subparagraph (A) applies only if the amendment is sought within "21 days after serving" the pleading, which is not the case here because far more than 21 days have passed. Subparagraph (B) provides that a plaintiff may amend as a matter of course "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (c), or (f), whichever is earlier." While Plaintiff is correct that no Defendant has filed a responsive pleading (an answer), the CMS Defendants filed a Rule 12(b)(6) motion. Therefore, Plaintiff's proposed amendment, filed more than 21 days after the

---

[2]Because Plaintiff's proposed amended complaint could impact the analysis in the report and recommendation on the CMS Defendants' motion to dismiss, it is most appropriate for this Court, rather than the magistrate judge, to address Plaintiff's motion at the same time it considers Plaintiff's objections.

4

CMS Defendants filed their motion to dismiss, is too late to constitute an amendment as a matter of course.

Plaintiff's motion to amend is governed by Fed. R. Civ. P. 15(a)(2), which provides: "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." In this instance, leave of court is required because Plaintiff has not obtained Defendants' written consent. Although the rule instructs that leave should be given when "justice so requires," it is well-established that leave to amend "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995).

The CMS Defendants argue that the Court should deny Plaintiff's motion because: (1) it is untimely; (2) the proposed amended complaint violates Rule 8(a)(2)'s requirement that a pleading contain "a short and plain statement of the claim"; and (3) the proposed amendment is futile. Although Plaintiff did not seek leave to amend until almost 13 months after he filed his initial complaint and approximately 10 months after the CMS Defendants filed their motion to dismiss, the delay, by itself, is not a sufficient reason to deny the motion to amend. *See Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001) (noting that "delay alone [is] not sufficient reason to deny the amendment"). The Court does agree that Plaintiff's lengthy proposed amended complaint fails to comply with Rule 8(a)(2)'s requirement of "a short and plain statement of the claim." However, the Court believes that futility is a more appropriate basis for denying the proposed amendment.

Despite its length, the Court has reviewed the proposed amended complaint and notes that, with the exception of a new retaliation claim against Defendants Whalen and Hubbell, the factual allegations and legal claims are largely repetitive of those in the original complaint and add nothing

new or different that might spare Plaintiff's deficient claims from dismissal. The sole question, then, is whether the new retaliation claim is futile because it would not survive a Rule 12(b)(6) motion to dismiss.

The elements of a First Amendment retaliation claim are well known in the Sixth Circuit. To establish such a claim, a plaintiff must prove that: (1) the plaintiff engaged in activities protected by the Constitution or statute; (2) the defendant took an adverse action that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was taken at least in part because of the exercise of the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Plaintiff alleges that Whalen and Hubbell retaliated against him for pursuing administrative grievances against MDOC Health Services and CMS's medical staff and that Whalen retaliated against Plaintiff for going over Whalen's head to Warden S. Harry to complain about the excessive dosage of Seroquel that the medical staff had prescribed. Plaintiff alleges that the act or acts of retaliation was failing to review Plaintiff's grievances in accordance with proper procedures by assigning Hubbell as the respondent to Plaintiff's grievances against Dr. Kim and P.A. Spitters and by concealing the factual basis for his grievances.

Plaintiff's allegations that he filed grievances and complained to Warden Harry regarding his medication suffice to show that he engaged in protected activity. His claim fails, however, because he does not allege an action that is sufficiently adverse to support a claim of retaliation. In *Thaddeus-X*, *supra*, the Sixth Circuit observed that "certain threats or deprivations are so de minimis that they do not rise to the level of being constitutional violations." *Id.* at 398. The alleged adverse action in this case – failing to follow proper procedures in reviewing Plaintiff's grievances and assigning Hubbell to as the respondent – are not sufficiently adverse to deter a person of ordinary firmness from continuing to engage in protected conduct. *See Smith v. Yarrow*, 78 F. App'x 529,

543-44 (6th Cir. 2003) (comment by physician who the plaintiff was suing that plaintiff would have to have another physician give him his annual physical was not sufficiently adverse to deter the plaintiff from continuing to engage in protected activity). That is, Plaintiff did not lose any privileges, nor was he punished in any way that would deter him from continuing to pursue his grievances. Moreover, even accepting as true Plaintiff's allegation that Hubbell was not a proper Step-1 reviewer, Plaintiff was still able to seek review of his grievances by different reviewers at Steps 2 and 3. Thus, Plaintiff was not left without a remedy for the alleged improper handling of his grievances. For this reason, Plaintiff's proposed retaliation claim would not withstand a motion to dismiss. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued January 19, 2010 (docket no. 63) is **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants Correctional Medical Services, Inc.'s, Jason Kim, M.D.'s, and Daniel Spitters, P.A.'s Motion to Dismiss (docket no. 19) is **GRANTED IN PART AND DENIED IN PART**. The motion is **granted** with regard to the claims against Defendants Jason Kim. M.D. and Correctional Medical Services, Inc., who are **dismissed**. The motion is **denied** with regard to the claims against Daniel Spitters, P.A.

**IT IS FURTHER ORDERED** that Defendants Amy Meyer's, Michael Whalen's, Julie Van Setters', and Mary Hubbell's Motion for Summary Judgment (docket no. 39) is **GRANTED**, and those Defendants are **dismissed**.

**IT IS FURTHER ORDERED** that Plaintiff's First Motion to Amend Complaint (docket no. 70) is **DENIED**.

Dated: March 29, 2010 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE